USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND,

and

ROBERT BONANZA, as Business Manager
of the MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK,

       Petitioners,

-v-

INNISS CONSTRUCTION, INC.,

       Respondent.
------------------------------------- x

19-cv-9942 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

    Now before the Court is the motion of petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund and Robert Bonanza ("Petitioners") to confirm and enforce the March 12, 2019 default opinion and arbitration award ordering respondent Inniss Construction, Inc. ("Respondent") to pay Petitioners $286,097.45. ECF No. 9. Petitioners here seek judgment against Respondent in the liquidated amount of $286,097.45 in total, and they do not seek attorneys' fees in the filing of this action. Id.; Memorandum of Law in Support of Petitioners' Motion for

Confirmation and Enforcement, ECF No. 12 ("Petitioners Mem."), at 7-8.

By way of background, this action was commenced on October 28, 2019 with the filing of a summons and petition, a copy of the summons and petition was served on Respondent in person, and proof of service was filed on November 25, 2019. See ECF Nos. 1, 4, 8. Respondent did not appear at the initial pre-trial conference held on November 26, 2019 at 11:00 a.m. nor at the default judgment hearing held on December 13, 2019 at 11:00 a.m., despite having been timely served of the notices for both conferences. ECF Nos. 7, In addition, Respondent did not file an answer or otherwise move with respect to the petition. Based on these facts, the default of Respondent is hereby noted.[1]

The Second Circuit has held, however, that "default judgments in confirmation . . . proceedings are generally inappropriate." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109

---

[1] Although Fed. R. Civ. P. 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, see Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) (describing "the entry of a default" as "largely a formal matter"), a district judge also possesses the inherent power to enter a default, see Beller & Keller v. Tyler, 120 F.3d 21, 22 n. 1 (2d Cir. 1997); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011).

(2d Cir. 2006).² In so holding, the Second Circuit advised district courts that they should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment," since a petition to confirm an arbitration award is typically accompanied by a record. Id. at 110. Nevertheless, where, as here, Respondent has failed to put forth a case in either the arbitration or the judicial phase of the dispute, "courts . . . have held that default judgments are appropriate in the context of a petition for confirming an arbitration award as the distinction between moving for default judgment and moving for summary judgment is somewhat academic." Trustees of Bldg. Trades Annuity Fund v. Prof'l Plumbing of Staten Island Corp., 2010 U.S. Dist. LEXIS 142125 at *5 (E.D.N.Y. Nov. 17, 2010).

Whether this motion is construed as a default judgment motion or a summary judgment motion, granting the motion is plainly warranted. If the former, Respondent has, as indicated above, clearly defaulted. If the latter, first, there exists no genuine dispute as to any material fact. See Fed. R. Civ. P. 56(a); see generally Rule 56.1 Statement, ECF No. 11. Second, the movant here is entitled to judgment as a matter of law, as

---

² Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

the Court finds nothing in the record to doubt the adequacy or fundamental fairness of the underlying arbitral proceedings and as the arbitrator's award is well-supported by the record. See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997); see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference."). Lastly, the total amount of the award is easily ascertainable from the pleadings and the record, and it is suitable to enter default judgment without inquest. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

For all of the reasons stated above, Petitioners' motion is granted in its entirety, and Petitioners shall have judgment against Respondent in the liquidated amount of $286,097.45, with post-judgment interest accruing at 1.572% on any outstanding balance of the judgment from the date of this Order stated below until the balance of such judgment is paid in full. See 28 U.S.C. § 1961(a).

The Clerk is directed to close to entry at docket number 9 and to enter judgment.

SO ORDERED.

Dated: New York, NY  /s/ Jed S. Rakoff

December 13, 2019        JED S. RAKOFF, U.S.D.J.